IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES A. AUFFENBERG, JR.,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| vs. ) | **MISC. CIVIL NO. 10-mc-25-GPM** |
| ) | |
| **ZUCKERMAN SPAEDER, LLP,** ) | |
| ) | |
| **Respondent.** ) | |

# ORDER

**MURPHY, District Judge:**

Respondent in this miscellaneous matter, Zuckerman Spaeder, LLP, is a law firm suing Movant, James A. Auffenberg, Jr., for unpaid attorney fees. That case is pending in the United States District Court for the District of Columbia. Movant has filed a counterclaim therein. The dispute involves the firm's representation of Movant in a criminal case that was tried in the Virgin Islands. Attorney J. William Lucco also was involved in Movant's criminal defense. Attorney Lucco is not affiliated with Respondent law firm.

On February 25, 2010, Movant filed, in this Court, "Motion by James A. Auffenberg, Jr., to Terminate or, in the Alternative, Limit the Scope of the Deposition of J. William Lucco until after March 16, 2010." According to the motion and exhibits thereto, a lawyer for Respondent firm issued a subpoena from the United States District Court for the District of Columbia for Attorney Lucco to appear for deposition within this district on February 25, 2010. Movant Auffenberg filed, in the District of Columbia, a motion to quash the Lucco subpoena and to stay the notice of deposition because (1) Auffenberg has made a demand for arbitration in that case and (2) the

subpoena was improperly issued. Movant Auffenberg has filed other motions and/or objections relating to the deposition and other discovery disputes in the District of Columbia. Those matters are set for hearing in the District of Columbia on March 16, 2010. Attorney Lucco did not move to quash the subpoena for being improperly issued under Federal Rule of Civil Procedure 45(a)(2) and, in fact, he appeared for the deposition as noticed.[1]

This matter is not properly before this Court. Attorney Lucco submitted himself to the jurisdiction of the District of Columbia by appearing on the subpoena issued by that court. This Court lacks jurisdiction to act on Movant's request. Accordingly, the Motion filed by Movant Auffenberg on February 25, 2010, is **DISMISSED** for lack of jurisdiction. Consequently, this miscellaneous civil matter is **CLOSED**.

Movant **shall** serve a copy of this Order on Respondent law firm and on Attorney Lucco. The Clerk of Court is **directed** to modify the docket to reflect the proper posture of the parties to this proceeding, such that James A. Auffenberg, Jr., is the Movant, represented by Judy L. Cates, and Zuckerman Spaeder, LLP, is the Respondent. Respondent has not appeared in this matter; therefore, the docket should not reflect that it is proceeding *pro se*.

**IT IS SO ORDERED.**

DATED: 02/26/2010

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[1] It is clear from an email submitted with Movant's materials that Attorney Lucco expressed concern about matters of privilege and how they would be addressed, and he made clear that he did not wish to be involved in the fee dispute. Nonetheless, he stated his intention to appear for the deposition unless ordered otherwise.